UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAWN HAUGER, individually and on behalf of all others similarly situation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DOLLAR GENERAL CORPORATION, | ) ) |
| Defendant. | ) |

Case No. 1:21-cv-01270-JES-JEH

**ORDER AND OPINION**

This matter is now before the Court on Defendant's Motion (Doc. 5) and Memorandum in Support of its Motion to Dismiss (Doc. 6), and Plaintiff's Memorandum in Opposition. (Doc. 11). Defendant has filed a Reply (Doc. 15) and filed a Notice (Doc. 17) of Supplemental Authority in the form of a recently published order in *Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 WL 1591715 (N.D. Ill. May 19, 2022). For the reasons indicated herein, Defendant's Motion to Dismiss is GRANTED, although Plaintiff will be given leave to replead.

**I.   BACKGROUND**

The following facts are taken from Plaintiff's Complaint, which the Court accepts as true for the purposes of a motion to dismiss. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). Plaintiff filed a complaint on behalf of herself and the putative class of Illinois, Iowa, and Arkansas consumers who purchased Defendant Dollar General Corporation's Clover Valley Brand Honey Graham Crackers during the applicable statutes of limitations. (Doc. 1 at 15). Plaintiff complains that, despite the name and images on the front of the box, the Honey Graham Crackers do not use whole wheat flour, or graham flour, as the main ingredient in the cracker. (Doc. 1 at 2). The first ingredient listed in the ingredient list on the box is enriched flour,

followed by graham flour. (Doc. 1 at 3). Further, Plaintiff complains that, despite the name and images on the front of the box, the Honey Graham Crackers do not use honey as its main sweetening ingredient. (Doc. 1 at 6). In the ingredient list, sugar is listed as the third ingredient in the crackers, where honey is the fifth. (Doc. 1 at 9). Additionally, Plaintiff contends that the words and associated imagery on the front of the box, insinuate that graham flour and honey are the primary ingredients in the crackers. (Doc. 1 at 2). On the box are the words "Graham Crackers," with the word "Graham" in a larger font than any other word. (Doc. 1 at 2). Plaintiff alleges that the word "Graham" being the biggest word on the box insinuates that the primary ingredient would be graham flour. (Doc. 1 at 2). On the front of the box also appears the word "Honey" with an image of a dripping honey dipper. (Doc. 1 at 2). Plaintiff alleges that the image of the honey dipper and the word "Honey" insinuate that honey is the primary sweetener in the crackers. (Doc. 1 at 10).

      Plaintiff asserts that she would not have purchased the Honey Graham Crackers or would not have paid a premium price for them, had she known the product did not use graham flour as the main ingredient. (Doc. 1 at 12). Further, Plaintiff asserts that she would not have purchased the Honey Graham Crackers or would not have paid a premium price for them, had she known that sugar was the main sweetening ingredient in the cracker, rather than honey. (Doc 1 at 12). A copy of the packaging and ingredient list of the crackers is reproduced below:



**INGREDIENTS:** ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED RON, THIAMIN MONONITRATE, RIBOFLAVIN, FOLIC ACID), GRAHAM FLOUR (WHOLE WHEAT FLOUR), SUGAR, HIGH OLEIC CANOLA AND/OR SOYBEAN OIL WITH TBHQ AND CITRIC ACID FOR FRESHNESS, HONEY, CONTAINS 2% OR LESS OF: LEAVENING (BAKING SODA, CALCIUM PHOSPHATE), SALT, NATURAL FLAVOR, SOY LECITHIN, SODIUM SULFITE.

Plaintiff does not deny that the product contains graham flour and honey, only claiming that the picture and labeling on the front of the box was false and intended to deceive the consumer in violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq.*; the Iowa and Arkansas consumer fraud acts; state law express and implied warranties of merchantability and the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.*; and resulted in negligent misrepresentation, fraud, and unjust enrichment. (Doc. 1 at 17).

Plaintiff asserts that she has been economically injured in paying for the Honey Graham Crackers not made with graham flour and honey as the primary ingredients. (Doc. 1 at 19). She also requests injunctive relief, asserting that members of the putative class continue to face injury as they may continue purchasing the Honey Graham Crackers, unaware that the graham flour and honey are not primary ingredients. (Doc. 1 at 19). Plaintiff requests that the Court order Defendant to stop the allegedly deceptive practices and representations, disgorge profits, pay restitution to the class members, and pay punitive damages, fees, and costs. (Doc. 1 at 19).

Dollar General Corporation has moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and to dismiss the claim for injunctive relief under Federal Rule of Civil Procedure 12(b)(1), for lack of standing. (Doc. 5 at 1). Further, Dollar General Corporation alleges that Plaintiff's claims are preempted, because "the label statements and images she claims are misleading" have been "mandated or expressly authorized by" the FDA. (Doc. 6 at 8). Plaintiff responds that none of Defendant's arguments create a basis for dismissal, and therefore their motion should be denied. Further, Plaintiff contends that in deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King,* 467 U.S. 69, 73 (1984). Plaintiff asks that the Court deny Defendant's motion to dismiss or, in the alternative, grant her leave to file an amended complaint.

## II.   LEGAL STANDARDS

**Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss under 12(b)(6) tests the sufficiency of a complaint, but not the merits of a case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put the defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). When considering such motions, courts "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v.*

*Blagovich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 679. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. These requirements ensure that a defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Fraud claims, including those brought under the ICFA, must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b): *"Fraud or Mistake; Conditions of Mind."* In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *See also, Benson,* 944 F.3d at 646; *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011). In practice, this means that a plaintiff "must identify the 'who, what, when, where, and how' of the alleged fraud." *Benson*, 944 F.3d at 646 (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019)).

5

**Rule 12(b)(1) Motion to Dismiss**

Defendant asserts that Plaintiff lacks standing to assert a claim for injunctive relief, thus divesting the Court of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). "As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing the elements of Article III standing." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, No.17-01537, 2018 WL 340020, at *2–3 (C.D. Ill. Jan. 9, 2018) (citing *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)). To establish standing, a plaintiff must have (1) suffered an injury in fact, (2) that is traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *MAO-MSO,* 2018 WL 340020, at *2–3 (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Where, as here, there is a facial challenge to the court's subject matter jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the matter. *Silha*, 807 F.3d at 173. If a court does not have subject matter jurisdiction over a claim, it must be dismissed. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).

### III. ANALYSIS

**A. Failure to State a Claim Under ICFA and FDA**

Plaintiff asserts that the defendant falsely and deceptively labeled their product, misrepresenting the amount of whole grains and honey in the crackers, relative to other ingredients. Under the ICFA, "a statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Floyd v. Pepperidge Farm, Inc.,* 2022 WL 203071, *3 (S.D. Ill. 2022) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001)). To state a claim under the ICFA, plaintiffs must allege with particularity: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiffs rely on the deceptive act; (3) that the deceptive

act occurred during a course of conduct involving trade or commerce; and (4) actual damage as a result of the deceptive act. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014)). In this case, the main issue is element (1), a deceptive act or practice by defendant. It is not enough to show the "mere possibility of fraud," as Plaintiff must show that fraud is a "necessary or probable inference from the facts alleged." *Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 672 (N.D. Ill. 2016) (quoting *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 174 (Ill. 1992)). This is, that a reasonable consumer would be deceived by the labeling of the product. The reasonable consumer test requires "a probability that a significant portion of the general consuming public...acting reasonably in the circumstances, could be misled." *Pepperidge Farm, Inc.*, 2022 WL 203071, at *3 (internal citation omitted). When considering an ICFA claim, "a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (citing *Bober* 246 F.3d at 940). However, "if a plaintiff's interpretation of a challenged statement is *not* facially illogical, implausible, or fanciful, then a court may *not* conclude that it is nondeceptive as a matter of law. *Bell*, 982 F. 3d at 943 (emphasis in original).

 In her Response Brief, Plaintiff alleges that a reasonable consumer could interpret the labeling of the box in a multitude of ways. While that may be true, Plaintiff does not elaborate on the ways that consumers may interpret the labeling on the box. Consumers may very well interpret the labeling as to show that the product contains graham flour, and honey, which it does, regardless of the amount. As such, the front of the box does state that the crackers contain 8 grams of whole grain per serving, and the words "made with real honey." However, the product makes no indication that graham flour or honey are primary ingredients. Further,

although a front label itself could be considered misleading on its face without regard to the ingredient list, a consumer can see that the product does contain graham flour and honey, as they are both listed on the ingredient list. While one cannot rely on the ingredients list on the back of the box alone to defeat a claim of fraud. *See Rudy v. Family Dollar Stores, Inc.*, 21-CV-3575, 2022 WL 345081, *4 (N.D. Ill. Feb. 4, 2022), Defendant does not rely solely on the ingredient list in showing that the label is not misleading.

Defendant argues that a reasonable consumer would not be misled by the words and images on the front of the box, as the product is labeled and advertised under the common and usual name of graham crackers. Defendant points to the common or usual name that is meant to identify similar products, in accordance with 21 C.F.R. §§ 101.3(b)(2), 102.5(d). A product that is a flat, sweet, rectangular cracker that is perforated, crunchy, and dark colored, often used in desserts like s'mores, is often sold under the common or usual name: "Graham Cracker." *Kennedy v. Mondelez Glob. LLC*, 2020 WL 4006197, *9 (E.D.N.Y. July 10, 2020). Plaintiff argues that a reasonable consumer would expect that the product conforms with the dictionary definition of a graham cracker: "a semisweet cracker, usually rectangular in shape, made chiefly of whole-wheat flour." However, Defendant points to a second dictionary source, which defines a graham cracker as "a slightly sweet cracker made of whole wheat flour." Because dictionaries have varying definitions themselves, the Court finds the specific definition cited by Plaintiff less than persuasive. This product is of similar shape, texture, and composition to other products that are labeled under the shared name of "Graham Cracker," and it is likely that this product can be identified as such, regardless of a specific amount of ingredient used. *See* 2020 WL 4006197, at *9. Dollar General's use of the product name, Graham Crackers, to label and sell the product thus complies with both ICFA and FDA regulations under 21 C.F.R. §§ 101.3(b)(2), 102.5(d).

This Court does not find the labeling of the product as "Graham Crackers" to be misleading to a reasonable consumer. The label complies with the ICFA and FDA, and as such, Plaintiff has failed to state a valid claim for which relief can be sought.

Plaintiff further alleges deceptive advertising and false labeling in the use of the word "Honey" on the box of the graham crackers. Plaintiff alleges that the use of the word "Honey" is used to represent the ingredient, and not the flavor of the crackers. Plaintiff alleges that ambiguity in the labeling is used to deceive customers while maintaining a level of deniability with regard to the intended meaning of the label. Defense points to 21 C.F.R. § 101.22(i), which allows a product to be advertised by its characterizing flavor, in this case, honey. The FDA does not prohibit use of the word and its associated imagery to describe the product's flavor. *See Lima v. Post Consumer Brands, LLC*, 2019 WL 3802885, (D. Mass. Aug. 13, 2019). While sugar may be used as a sweetener in the product, a reasonable consumer could understand that the word honey on the label is a flavor designator, rather than an ingredient claim. *See Wach,* No. 21 C 2191, 2022 WL 1591715 at *3 (*citing Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 162 (S.D.N.Y. 2021)). While honey may not be the only flavor ingredient used in the graham cracker, that does not mean that it is not a significant sweetener. Additionally, the label on the front of the box does not indicate that it is the only sweetener used, and as mentioned, a consumer could read the ingredient list to learn what other ingredients are contained within the crackers if they were so concerned with the amount of graham flour or honey in the product, as Plaintiff contends. For these reasons, the Court does not find Plaintiff's pleadings establish "a probability that a significant portion of the general consuming public . . . could be misled." *Beardsall v. CVS Pharmacy, Inc*., 953 F. Ed 969, 973 (7th Cir. 2020) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal citations and quotation marks omitted). This

label on its face is not false, deceptive, misleading, or would lead a reasonable consumer to confusion. As such, the plaintiff has failed to state a valid claim for which relief can be sought.

### B. Breach of Express and Implied Warranties and the Magnuson Moss Warranty Act

Plaintiff alleges that the product labeling implied that it contained a predominant amount of graham flour and honey, relative to other ingredients. Further, Plaintiff alleges that Defendant had a duty to disclose "non-deceptive" descriptions of the product to consumers. Defendant argues that Plaintiff's pre-suit warranty claims fail because Plaintiff failed to give pre-suit notice. To proceed on an Illinois claim for breach of express warranty, a plaintiff must sufficiently plead that the defendant: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714 (N.D. Ill. 2020). In a claim for breach of an implied warranty, the plaintiff must allege that "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect… To be merchantable, the goods must be, among other things, fit for the ordinary purpose for which the goods are used." *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015).

The Court has already found that the labeling on the graham crackers would not lead a reasonable consumer to believe that the graham crackers predominantly contained graham flour and honey. Therefore, the dismissal of Plaintiff's ICFA claim stating that the product packaging was misleading can be deemed "fatal" to the claim for breach of express and implied warranties. *See Chiappetta v. Kellogg Sales Co.*, No. 21-3545 (N.D. Ill. Mar. 1, 2022) (citing *Spector*, 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016)).

As Plaintiff does not have viable state-law warranty claims, she cannot proceed under Manguson-Moss. *See Pepperidge Farm*, 2022 WL 203071, at *5 ("In claims brought under the MMWA, state law governs the creation of implied warranties…Since Illinois law prevails and this Court has dismissed both the express and implied warranties for failing to properly allege a state law claim, any MMWA counts are dismissed as well."). As these claims are dismissed, the Court need not consider Defendant's additional argument that there was no pre-suit notice provided to the party.

**C. Common-Law Claims: Negligent Misrepresentation, Common-Law Fraud, and Unjust Enrichment**

Defendant claims, generally, that the negligent misrepresentation and fraud claims must be dismissed for independent reasons.

1. <u>Negligent Misrepresentation</u>

Plaintiff claims, and Defendant denies, that the label and packaging of the graham crackers negligently misrepresented that the product contained primarily graham flour and honey. Defendant asserts that this claim may not proceed due to the *Moorman* or "economic loss rule" which prevents recovery in tort for a purely economic loss. *See Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 86, 435 N.E.2d 443, 450 (1982) ("The remedy for economic loss, loss relating to a purchaser's disappointed expectations . . . lies in contract."). Defendant asserts that *Moorman* applies where Plaintiff's claimed injury is solely economic, the money she spent purchasing the graham crackers. *See* (Doc. 6 at 27) (citing *Pepperidge Farm*, 2022 WL 203071 at *6, applying *Moorman* to consumer's negligent misrepresentation claim).

Plaintiff responds with the undeveloped argument that Defendant had a non-delegable duty outside of contract to provide non-deceptive information. Plaintiff cites *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 515 (Ill. 1994), where it

11

was held that professionals such as accountants and attorneys are learned intermediaries who may be liable in tort even if the client has suffered only economic loss. Plaintiff offers nothing, however, to support that this reasoning applies to a producer of graham cracker products. *See Manley v. Hain Celestial Group, Inc.*, 417 F. Supp. 3d 1114, 1119 (N.D. Ill. 2019) (applying *Moorman* as a bar to a tort action against a manufacturer of sunscreen, as the defendant was not "in the business of supplying information for the guidance of others in their business transactions…"). Here, as in *Manley*, there is no allegation that Dollar General was in the business of supplying guidance or information so as to make it liable in tort for negligently providing the same.

    2. Common Law Fraud

To allege common law fraud under Illinois law, Plaintiff must sufficiently plead *scienter*, that Dollar General "intentionally made a false statement of material fact…for the purpose of inducing reliance thereon." *Ollivier v. Alden*, 634 N.E.2d 418, 424 (Ill. App. Ct. 1994). Plaintiff must show that Dollar General acted with fraudulent intent. *See Squires-Cannon v. Forest Pres. Dist. of Cook Cnty.*, 897 F.3d 797, 805 (7th Cir. 2018) (intent is an essential element of fraud). Plaintiff claims that Dollar General's "fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations." (Doc. 1 at 18). However, this claim is not supported, as Plaintiff provides no factual details to support the allegation, such as facts to suggest a motive. (Doc. 6 at 27). Plaintiff fails to establish that the use of the words "Graham Cracker" and the word "Honey" for description on the label was a false statement, or that Defendant intentionally made a false statement, the *scienter* element necessary to plead fraud.

3. <u>Unjust Enrichment</u>

Defendant rightly asserts that Plaintiff cannot proceed with a claim for unjust enrichment where she has failed to successfully plead an action for the same allegedly deceptive conduct. (Doc. 6 at 28) (citing *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim."). This claim, too, is dismissed.

**D. Standing for Injunctive Relief**

Plaintiff has requested injunctive relief, that Defendant be ordered to correct the alleged misrepresentations and refrain from engaging in the challenged practices. Here, however, the Court has dismissed all claims arising from the Complaint, and as "there is no continuing violation of federal law," the Court does not have the authority to order injunctive relief. *Green v. Mansour,* 474 U.S. 64, 71 (1985). Even if it were otherwise, Plaintiff fails to sufficiently plead that she is at threat of future injury. *See Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (citing *Benson* No. 17-3519, 2018 WL 1087639, at *5) (finding as plaintiffs were "already aware of Fannie May's alleged deceptive practices, [p]laintiffs cannot claim they will be deceived again in the future... absent some concrete basis to conclude that the plaintiffs will or must purchase the product again in the future and be deceived, they cannot meet the standing requirements for injunctive relief claims.").

Defendant adds the additional argument that Plaintiff lacks Article III standing in this case. (Doc. 6 at 28). Here, because Plaintiff is now aware that the Graham Crackers do not have deceptive labeling, she cannot assert standing through class members who are not aware, and at risk of future economic injury. *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 857 (N.D. Ill.

2021) (no standing for injunctive relief where "there is no showing of any real or immediate threat that the plaintiff will be wronged again…" *See also Mednick v. Precor, Inc.*, No. 14-3624, 2016 WL 5390955, *9 (N.D. Ill. Sept. 27, 2016) (finding plaintiffs '"cannot rely on the prospect that *other* consumers may be deceived' to boost their own standing").

Plaintiff claims that injunctive relief is warranted as the alleged fraud continues, citing *Muir v. NBTY, Inc.,* No. 15-cv-9835, 2016 WL 5234596, *10 (N.D. Ill. Sept. 22, 2016). There, the court found the plaintiff had standing for purposes of injunctive relief where the defendant allegedly continued to sell the product "in a false, misleading, unfair, and deceptive manner." *See Id*. (citing *Camasta v. Jos. A. Bank, Clothiers, Inc.*, No. 12-7782, 2013 WL 474509, *6 (N.D. Ill. Feb. 7, 2013) (determining the plaintiff had standing as "there is a substantial danger that [the defendant's] wrongful retail practices will continue.")). Here, the Court has not found wrongful conduct on the part of Defendant and finds no ongoing risk which would confer standing for the purposes of injunctive relief.

### IV.  CONCLUSION

The Court has dismissed all of Plaintiff's claims and, given the facts, it may be difficult to cure in a subsequent pleading. Still, the Court cannot foreclose the possibility that she may yet be able to plead such a claim. Out of an abundance of caution, Plaintiff will be given a final opportunity. Defendant's Motion to Dismiss (Doc. 5), is GRANTED. Plaintiff may file an amended complaint within 14 days of this Order.

Signed on this 7th day of July, 2022.

s/James E. Shadid
James E. Shadid
United States District Judge